UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES M. BRADEN,<br><br>  Plaintiff,<br><br>  v.<br><br>ENGLISH, CURDY, McKIBBS, JUSTIN H. MAYES, BRABBS, and JOHN OR JANE DOE(S),<br><br>  Defendants. | CAUSE NO. 3:24-CV-194-HAB-SLC |

OPINION AND ORDER

James M. Braden, a prisoner without a lawyer, filed a complaint against seven defendants after he was attacked by another inmate in January 2024 at Miami Correctional Facility. ECF 1. The court is required under 28 U.S.C. § 1915A, to review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the allegations of the complaint are too hard to piece together to determine whether the complaint states a claim for relief. Although the court is mindful of its duty to construe *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Braden must file an amended complaint clarifying what happened to him and who was involved.

Braden alleges that he was housed in HHU-Dorm until he was told to pack up to move to JHU-Dorm 3/4 side. He contends that it was not safe for him to move there

because he had a keep separate order on file that made the move unsafe.[1] When he refused to enter the new dorm, he was sent to A-Dorm for one night as punishment. The next day he was forced to go to JHU-Dorm anyway. Soon after he arrived, he alleges he was severely beaten by an inmate who had attacked him two and a half years ago.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks omitted). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833 (cleaned up). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action.

---

[1] The precise details of the keep separate order are unclear. At one point, Braden says the order was to keep him separate from one particular inmate—the one who severely attacked him two and a half years ago and again in January 2024. At another point, he says the keep separate order was based on gang affiliation.

2

*Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "Prisons are dangerous places," as "inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (cleaned up).

It is not enough to proceed for Braden to allege that he was placed in a dangerous situation without identifying the defendants who were involved in the decision that led him to JHU. To sue a defendant for damages under 42 U.S.C. § 1983, "a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *See Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023). In looking at the allegations here, it is unclear how Caseworkers Ms. Brabbs and Mr. Justin H. Mayes could be held responsible, when Braden specifically alleges they both said he should not be moved there because of the keep separate order. Similarly, he alleges that Sergeant McKibbs and Lieutenant Carty were the ones who initially told him to pack up. But after he refused to enter JHU-Dorm, he spent a night in A-Dorm. The complaint does not detail who, then, was responsible for moving him to JHU-Dorm the next day and what those people knew about any potential danger to him.

Braden also sues an unknown Classification Supervisor, presumably for assigning him to JHU. But without a clearer picture of the scope of the keep separate order, the court cannot reasonably infer that the supervisor would know the assignment presented a substantial risk of serious harm to Braden. Finally, he sues Warden English, but the only reason the warden seems to be included in the complaint is because the warden is in charge of the prison. A supervisor cannot be held responsible for the acts of the people who work at the prison unless the supervisor also had personal

3

involvement in the alleged constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There are no allegations connecting Warden English, personally, to the dorm move.

This complaint does not state a claim for which relief can be granted. If Braden believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Braden needs to describe what led to the keep-separate order and what that order included. Then, he needs to explain (1) what he knows about the transfer decision, (2) what happened after he was initially told to move to JHU-Dorm, (3) the events that led to his punishment in A Dorm, (4) how he eventually ended up in JHU-Dorm, and (5) the events leading up to the attack at issue here. In that explanation, he needs to say what defendants were involved in each step and why he believes they disregarded a substantial risk to his safety.

To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS James M. Braden until **August 15, 2024**, to file an amended complaint; and

4

(2) CAUTIONS James M. Braden if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 11, 2024.

s/ <i>Holly A. Brady</i><br>
CHIEF JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT