UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES M. BRADEN, <br><br> Plaintiff, <br><br> v. <br><br> ENGLISH, CARTY, JUSTIN H. MAYES, BRABBS, McGIBBONS, FLOYD, MYERS, and ANGLE, <br><br> Defendants. | CAUSE NO. 3:24-CV-194-HAB-SLC |

OPINION AND ORDER

James M. Braden, a prisoner without a lawyer, filed a complaint, alleging prison officials at Miami Correctional Facility ("MCF") failed to protect him from being attacked by a prisoner who was a "separatee" of his ever since a brutal attack that happened two years ago. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In 2022, Braden was severely beaten by an offender named Aaron Scott and his gang members when he refused Scott's demand for money. The beating was so bad that Braden had to be air lifted to a hospital, where he stayed for a week and a half. After

that attack, there was a keep separate order between Braden and Scott, and Braden reports that the two had no contact until 2024, when he was reassigned to the same dorm as Scott.

After Braden learned of the impending move, he protested the move to his dorm counselors, Mrs. Brabbs and Justin Mayes, on January 29, 2024, explaining that Scott was a separatee of his and they shouldn't be in the same dorm. But his counselors said that Classification and the Warden approved the move, and he would have to go. Braden then talked to Lieutenant Carty and Sergeant McGibbons and told them about the attack that led to the keep separate order. Braden alleges the counselors, Mrs. Floyd, Mr. Mayes, and Mrs. Brabbs, could have intervened on his behalf, but they said nothing to Lieutenant Carty, putting his life in jeopardy.

Braden alleges he was told that the only way he could avoid the move was to sign Protective Custody ("PC") papers. So, he filled out the PC papers and gave them to Sergeant McGibbons, emphasizing that the papers needed to be turned in because his life was in jeopardy. But nothing happened, and Braden was moved to the same dorm as Scott anyway.

Then, on February 2, 2024, at suppertime, Scott and a few of his gang came into his room and started demanding that Braden give them money, food, his TV, and other things. Scott said if Braden didn't comply, he would finish what he started two years earlier. Scott asked if Braden was paying for protection. When Braden said he wasn't, Scott and his companions started beating him, smashing his head and face into the

bunks, floor, and wall. He alleges they beat him so severely, he had two bowel movements on himself.

As he was fighting to stay alive, Braden finally got to the door and crawled out of his cell before being stabbed. His attackers then finally stopped, and Braden just laid on the floor, crying out for help. Sergeant McGibbons came in, and Braden told the sergeant that he needed medical help. Sergeant McGibbons gave Braden PC papers to fill out again. Braden was moved to another dorm and then taken to medical. He had numerous contusions, and his foot and leg were already swollen. Braden alleges that because of his injuries, he had to wear a boot on his foot and use crutches, and he has permanent disfigurations from facial fractures. Braden says he has been seeing a psychiatrist because he's an "emotional wreck." ECF 12 at 6.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. That said, not every such violent altercation violates the Constitution. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Thus, "only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety." *Hunter*, 73 F.4th at 565 (internal quotation marks, brackets, and citations omitted).

Accordingly, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). A failure-to-protect claim under the Eighth Amendment can also be based on a substantial risk of harm due to the specific characteristics of the victim or the assailant. *See Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). But the existence of a separatee order allows an inference at the pleading stage that the plaintiff faces a substantial risk of harm from any listed separatees. *See Lewis v. Richards*, 107 F.3d 549, 551 n.2 (7th Cir. 1997); *Miller v. Fisher*, 219 F. App'x 529, 532 (7th Cir. 2007). Braden may proceed against Warden Brian English, Lieutenant Carty, Counselor Justin H. Mayes, Counselor Brabbs, Sergeant McGibbons, Counselor Floyd, Classification Officer Myers, and Classification Officer Angle for failing to protect him in violation of the Eighth Amendment.

For these reasons, the court:

(1) GRANTS James M. Braden leave to proceed against Warden Brian English, Lieutenant Carty, Counselor Justin H. Mayes, Counselor Brabbs, Sergeant McGibbons, Counselor Floyd, Classification Officer Myers, and Classification Officer Angle in their individual capacities for compensatory and punitive damages for failing to protect him from harm by allowing him to be placed in the same unit as a separatee, resulting in an attack on or around February 2, 2024, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Brian English, Lieutenant Carty, Counselor Justin H. Mayes, Counselor Brabbs, Sergeant McGibbons, Counselor Floyd, Classification Officer Myers, and Classification Officer Angle at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 12);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Brian English, Lieutenant Carty, Counselor Justin H. Mayes, Counselor Brabbs, Sergeant McGibbons, Counselor Floyd, Classification Officer Myers, and Classification Officer Angle to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 21, 2024.

                                            s/ *Holly A. Brady*
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT JUDGE