UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES M. BRADEN,

    Plaintiff,

    v.       CAUSE NO. 3:24-CV-194-HAB-ALT

ENGLISH, et al.,

    Defendants.

OPINION AND ORDER

James M. Braden, a prisoner without a lawyer, is proceeding in this case "against Warden Brian English, Lieutenant Carty, Counselor Justin H. Mayes, Counselor Brabbs, Sergeant McGibbons, Counselor Floyd, Classification Officer Myers, and Classification Officer Angle in their individual capacities for compensatory and punitive damages for failing to protect him from harm by allowing him to be placed in the same unit as a separatee, resulting in an attack on or around February 2, 2024, in violation of the Eighth Amendment[.]" ECF 13 at 5. On March 11, 2025, the defendants filed a motion for summary judgment, arguing Braden did not exhaust his available administrative remedies before filing this lawsuit. ECF 19. With the motion, the defendants provided Braden the notice required by N.D. Ind. L.R. 56-1(f). ECF 22. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response

brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over six months ago, but Braden still has not responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v.*

2

*McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants argue Braden did not exhaust his available administrative remedies before filing this lawsuit because he never submitted any grievance related to his claim the defendants failed to protect him in February 2024. ECF 20 at 3. Specifically, the defendants provide Braden's grievance records, a copy of the Offender Grievance Process, and an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at MCF. ECF 21-1 at 1-2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2; ECF 21-2 at 3. Braden knew of the requirements of the Offender Grievance Process, as he was informed of and provided information about the grievance process during his intake at MCF and a current copy of the Offender Grievance Process was available to him in the law library. ECF 21-1 at 2. However, Braden's grievance records show he never submitted any grievance at MCF related to his claim the defendants failed to protect him in February 2024. *Id.* at 5.

---

[1] Because Braden has not responded to the defendants' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

Rather, the only grievance Braden submitted in 2024 complained that his caseworker had given his mail to another inmate. *Id.*; ECF 21-3; ECF 21-4.

Here, the defendants have met their burden to show Braden did not exhaust his available administrative remedies before filing this lawsuit, as it is undisputed Braden never submitted any grievance related to his claim the defendants had failed to protect him in February 2024. There is no evidence in the record that Braden ever submitted or attempted to submit any relevant grievance, or that his administrative remedies were in any way unavailable. Therefore, because the defendants have met their burden to show Braden did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 19); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against James M. Braden and to close this case.

SO ORDERED on October 23, 2025.

 s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT